IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 09-50 |
| v. | : | |
| | : | CIVIL ACTION |
| THINH HUNG LE | : | No. 18-0087 |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                            **July 8, 2020**

      Defendant Thinh Hung Le filed a pro se motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserts an array of claims including ineffective assistance of counsel, the wiretap evidence presented at his trial was obtained in violation of the Fourth Amendment, prejudice from preindictment delay, and the Government presented false evidence at trial. Upon review of his ineffective assistance of counsel claims, Le has not established his counsel was constitutionally deficient or prejudice therefrom. Le's remaining claims are procedurally barred. As a result, Le's motion will be denied without an evidentiary hearing.

**BACKGROUND**

      In March 2006, the U.S. Department of Homeland Security (DHS) began investigating a drug trafficking ring between Canada and the United States. DHS agents eventually learned Veronique Nguyen, a Vietnamese immigrant, sold drugs in the U.S. as part of the operation. They suspected Canadian suppliers were providing her with drugs. After obtaining a warrant, federal agents wiretapped Nguyen's phone and discovered one of these suppliers was a man named "Thinh."

      In July 2006, agents intercepted a call between Nguyen and Thinh detailing a plan for Thinh to send 26,000 ecstasy tablets from Canada to Nguyen in the U.S. During the delivery, Philadelphia police officers stopped a car driven by one of Thinh's couriers, searched the car, and

seized the ecstasy. Police also determined 183 grams of methamphetamine was mixed within the ecstasy tablets. After seizing the drugs, the police arrested Nguyen along with her boyfriend and nephew.

Afterwards, Nguyen agreed to cooperate with the Government. In October 2006, she agreed to purchase 10,000 ecstasy tablets from Thinh in Philadelphia. When Thinh's courier arrived to deliver the ecstasy, police officers and Government agents arrested the courier and seized the ecstasy. DHS then contacted Canadian law enforcement for assistance in identifying Thinh. Canadian authorities set up a controlled buy, identified Thinh, and provided DHS with Thinh's photograph. Shortly thereafter, DHS identified Thinh as Defendant Thinh Hung Le.

Canadian Officers subsequently arrested Le and U.S. agents took him into custody after a lengthy extradition process. Le was indicted on one count of conspiracy to import methamphetamine, MDMA (ecstasy), and marijuana, in violation of 21 U.S.C. § 963; one count of conspiracy to distribute the same, in violation of 21 U.S.C. § 846; one count of importation of methamphetamine and MDMA, in violation of 21 U.S.C. § 952(a); one count of using a telephone to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b); one count of importation of methamphetamine, in violation of 21 U.S.C. § 952(a); and one count of distribution of MDMA, in violation of 21 U.S.C. § 841(a)(1). On May 14, 2014, following a three-day trial, a jury convicted Le on all counts.

On October 20, 2014, Le appeared before the Court for sentencing. At the sentencing hearing, the Court determined the base offense level was 36. The Court granted Le a two-level downward adjustment because the Sentencing Commission had recently recommended a reduced

two-level adjustment for any drug offence conviction.[1] Despite Le's opposition, the Court also applied a four-level increase to his offense level pursuant to U.S.S.G. § 3B1.1(a) because the Court found he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. The Court also added two levels for the importation of methamphetamine pursuant to U.S.S.G. § 2D1.1(b)(5). The Court calculated Le's final offense level to be 40, resulting in a recommended Guidelines range of 292-365 months. The Court ultimately sentenced Le below the recommended Guidelines range to 252 months' imprisonment, followed by five years of supervised release.

A Vietnamese interpreter was present to assist Le at the sentencing hearing, just as one had been present throughout the duration of Le's trial. *See* Sentencing Hr'g Tr. 52, Oct. 20, 2014. Despite the interpreter's presence at the hearing, Le first addressed the Court in English. *Id.* Le's counsel then asked the Court if Le could speak in Vietnamese through the interpreter. *Id.* The Court granted this request, yet Le continued to address the Court in English.[2] *Id.*

---

[1] On April 10, 2014, the United States Sentencing Commission adopted an amendment to reduce the offense levels for most drug trafficking offenses by two levels. The amendment did not, however, allow courts to consider motions for retroactive sentence reductions until November 1, 2014. On March 13, 2014, the Department of Justice enacted a policy "that the base offense levels for drug offenses should be reduced by two levels and this Court should vary accordingly if the defendant agrees on the record not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) on the basis of the two-level reduction in the event the two-level reduction becomes effective and is made retroactive by the Sentencing Commission." Gov't Sentencing Mem. 9, Sept. 25, 2014, ECF No. 88. The Government and Le jointly recommended a two-level downward adjustment in light of the pending amendment. The Court noted in granting the adjustment that it would not grant a future motion for a downward adjustment once the amendment became effective. Sentencing Hr'g Tr. 24–25, Oct. 20, 2014. Le agreed to the Court's terms at sentencing. *Id.* at 23.

[2] Le stated he can "speak [English] even though [he] cannot speak English so well." Sentencing Hr'g Tr. 52, Oct. 20, 2014. He did not, however, consult the interpreter at any point while addressing the Court.

3

Le thereafter appealed. On September 6, 2016, the Third Circuit affirmed Le's sentence of 252 months' imprisonment, holding, among other things, the Court did not err in applying the "role enhancement" to Le's sentence, and in imposing a below-guidelines-range sentence. *See United States v. Le*, 661 F. App'x 162 (3d Cir. 2016).

On January 8, 2018, Le filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On February 16, 2018, Le filed a second motion using the standard petition form which clarified the issues he raised in his January 2018 motion. On February 23, 2018, the Government filed a response. On April 27, 2018, Le filed a third motion replying to the Government's response and asserting additional claims.[3]

**DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move to have his sentence vacated, set aside, or corrected if it was imposed in violation of the Constitution or laws of the United States, or is otherwise subject to collateral attack. Relief may be granted only if an error of law or fact occurred and if the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Le brings this § 2255 motion pro se, and his pleadings are thus construed liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). Even so, Le must plead "facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In evaluating a § 2255 motion, the Court "must accept

---

[3] For purposes of this motion, because Le proceeds pro se, the Court will consider the claims in Le's reply brief which the Court construes as an amendment to his original motion. *See United States v. Thomas*, 221 F.3d 430, 438 (3d Cir. 2000) (stating district courts have discretion to permit an amendment to a § 2255 motion after the one-year limitations period has expired); *see also United States v. Martinez*, No. 09-669-3, 2017 WL 1092314, at *1 (E.D. Pa. Mar. 22, 2017) (construing second § 2255 motion as an amendment to original motion).

4

the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

Le's first claims are based on his counsel's alleged ineffectiveness. Specifically, Le argues his counsel was ineffective because he (1) was in poor physical health during trial, (2) failed to investigate a language barrier with his interpreter at trial; (3) "failed to challenge discovery violations, specific tape notes, and witness false testimony"; (4) failed to properly investigate and argue a speedy trial violation on direct appeal; (5) failed to make a claim pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and failed to challenge the Government's constructive amendment to the Indictment; (6) failed to properly argue for a role participation reduction to his sentence; and (7) failed to present him with a plea deal. The Court will address each claim in turn, although none are meritorious.

A defendant who claims violation of his Sixth Amendment right to effective assistance of counsel must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687. To be deficient, counsel's performance must fall below "an objective standard of reasonableness" when measured against "prevailing professional norms." *Id.* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Such an error "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," even if it is unreasonable. *Id.* at 691. In evaluating prejudice, the court considers "a verdict or conclusion only weakly supported by the record . . . more likely to have been affected by errors

than one with overwhelming record support." *Id.* at 696. The failure to satisfy either prong defeats an ineffectiveness claim. *See id.* at 700. A court may thus address the prejudice prong before evaluating whether or not the attorney's performance was deficient. *See id.*; *see also id.* at 670 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.").

As for Le's first claim, the record does not support a finding of deficient performance due to his counsel's alleged poor physical health at trial. Le's trial occurred between May 12 and May 14, 2014. According to Le, his counsel admitted he was physically ill during trial when he filed a motion to continue Le's sentencing hearing. In the motion, counsel stated he was "physically and mentally drained and was sick most of *July*." Mot. to Continue Sentencing Hr'g ¶ 5, Aug. 25, 2014, ECF No. 84 (emphasis added). There is no evidence that counsel suffered from poor physical or mental health of any kind during Le's trial in May.

On the contrary, the record shows counsel was actively engaged in the proceedings, delivered lengthy opening and closing statements, and cross-examined the Government's witnesses. These actions serve as strong evidence against Le's claim that his counsel was ineffective based on weakened physical or mental health. *See United States v. Donahue*, 792 F. App'x 165, 166–67 (3d Cir. 2019) (rejecting claim that counsel was deficient based on a medical condition at trial where counsel "was actively engaged in the proceedings at all times" (quoting *United States v. Donahue*, No. 11-33, 2018 WL 1410772, at *6 (M.D. Pa. Mar. 21, 2018))). Because Le has not shown counsel's deficiency, the Court need not address the prejudice prong, *see Strickland*, 466 U.S. at 697, and Le's first claim will be denied.

Counsel was also not deficient for failing to investigate a language barrier with Le's interpreter, because the Court found Le sufficiently spoke and understood English. Le, a native of

North Vietnam, asserts he did not have the proper degree of communication with his interpreter, who was born in North Vietnam and later lived in South Vietnam, due to differences in their language dialects. Le alleges counsel would have known about the gap between North and South Vietnamese dialects had counsel "investigated the Vietnamese language . . . [or] listened to [Le's] family." Mot. at 6, Jan. 8, 2018, ECF No. 121. Despite these allegations, there is no evidence Le told his counsel or the interpreter that he struggled to understand or communicate with the interpreter. Even if there was a language barrier between Le and his interpreter, Le expressly asked this Court if he could speak in English during his sentencing hearing, despite the presence of his interpreter. Sentencing Hr'g Tr. 52, Oct. 20, 2014. The Court found Le could speak and understand sufficient English to respond to the Court's questions in English.

      Although Le did not request to speak English during trial, his ability to understand and speak English at his sentencing hearing suggests he had that same ability at his trial only five months earlier. Moreover, the record lacks any evidence suggesting Le could not properly communicate with his interpreter. The Court thus concludes Le's counsel was not deficient for failing to investigate a language barrier between Le and his interpreter at trial. *See Abdulrazzak v. Fluke*, No. 19-4025, 2019 WL 5964974, at *8 (D.S.D. Nov. 13, 2019) (rejecting a claim that defense counsel was ineffective in failing to request a different interpreter where the record did not support defendant's assertion of a communication difficulty); *United States v. Dozal-Alvarez*, No. 10-2674, 2011 WL 2670089, at *8 (D. Kan. July 7, 2011) (holding counsel was not ineffective in failing to hire an interpreter with the same dialect as defendant where defendant did not claim "that he expressed to counsel or to any of the interpreters that he had difficulty understanding or communicating with them or that he specifically misunderstood any material issue"). Also, on this

second claim, Le has failed to show how the alleged language barrier prejudiced him at trial. As a result, Le's second claim for ineffectiveness fails.

Next, Le's bare allegations that counsel failed to challenge discovery violations is insufficient to support a claim for ineffective assistance of counsel. In this claim, Le argues counsel failed to challenge the Government's refusal to turn over exculpatory evidence including audio tapes and tape notes that did not contain his voice. Le's allegations, however, contain nothing more to provide a basis for his claim. Rather, the record shows counsel filed numerous motions during the discovery process including motions to suppress, to compel discovery, and to challenge the admissibility of evidence. *See, e.g.*, Mot. to Suppress Wiretap Evid., Dec. 9, 2013, ECF No. 46; Mot. for Government Agents to Retain, Preserve, and Produce Their Notes, Nov. 7, 2013, ECF No. 33; First Mot. in Limine to Exclude Other Act Evid., Nov. 14, 2013, ECF No. 36; Mot. for Disclosure of Confidential Informant and Cooperating Witnesses, Nov. 6, 2013, ECF No. 32. Without more specific allegations as to counsel's deficiency, the Court finds counsel was not deficient in failing to challenge "discovery violations."

On this same claim, Le argues counsel failed to cite Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., in challenging the wiretap against him. However, in his motion to suppress wiretap evidence, counsel repeatedly cited to 18 U.S.C. § 2510. *See* Mot. to Suppress Wiretap Evid. Le's counsel cannot be found deficient because he did exactly what Le contends he did not. Without satisfying the first prong of the *Strickland* test, Le's claim that counsel was deficient for failing to challenge discovery does not provide a basis for relief.

Although Le next contends counsel was ineffective for failing to raise a speedy trial claim, this claim fails because his speedy trial claim is meritless. Pursuant to the Speedy Trial Act, a defendant's trial must commence within 70 days of the filing (and making public) of the indictment

or the defendant's first appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Despite this 70-day limitation, there are several situations in which delays can be excluded from this period. One excludable period of time is any delay from a defendant's continuance request when "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In this situation, a defendant's speedy trial claim can be rejected when the delay was caused by a continuance requested by the defendant, because defendants should not be permitted to "abuse the system by requesting [] continuances and then argu[ing] that their convictions should be vacated because the continuances they acquiesced in were granted." *United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994).

Here, Le was indicted on January 28, 2009, and fought extradition to the United States until July 19, 2013. Le's initial appearance thus occurred on July 22, 2013. The speedy trial clock began to run on July 22, 2013, and expired on October 22, 2013. However, Le filed five motions to continue trial and did not oppose the Government's motion for a two-week extension to file pretrial motions (which was filed before Le's last motion to continue).

The first motion was filed on September 9, 2013, and the Court granted the motion on September 12, 2013—with 40 days remaining before the Speedy Trial Act deadline expired. In granting Le's motions, the Court specifically found the ends of justice served by the continuances outweighed Le's interest in a speedy trial. *See, e.g.*, Order, Sept. 12, 2013, ECF No. 22 (finding defense counsel was recently retained and needed additional time to prepare case for trial, among other reasons). The time after the Court first continued Le's trial on September 12, 2013, until his trial date on May 12, 2014, is thus excludable under the Speedy Trial Act. *See United States v. Wilson*, 216 F. Supp. 3d 566, 582 (E.D. Pa. 2016) ("[T]he period between the Court's granting of the continuance request and the commencement of trial is excludable under the Speedy Trial

9

Act."). With Le's requested continuances permitted under the Speedy Trial Act to stop the 70-day clock, Le's speedy trial claim is without merit. *See Wilson*, 216 F. Supp. 3d at 580–82 (finding no speedy trial violation when defendants requested continuances and the delay periods were excludable time consistent with the Speedy Trial Act). Because the speedy trial claim is meritless, Le's counsel cannot be deficient for failing to raise a meritless argument. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). This claim thus fails.

Le's next claim fails because he provides no factual basis for concluding his counsel was deficient for failing to raise a claim pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In Le's briefing on this claim, he cites numerous cases related to the rule announced in *Alleyne*, which requires any facts that increase the range of penalties be submitted to the jury and found beyond a reasonable doubt. *See Alleyne*, 133 S. Ct. at 2160. He does not, however, allege any underlying facts that give rise to a specific *Alleyne* error in the imposition of his sentence. And the Court finds none upon review of the record. As a result, Le has not presented the Court with a claim to review and there is no basis for relief.

Le's constructive amendment claim fails for the same reason. A constructive amendment occurs when "a defendant is deprived of his 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" *United States v. Syme*, 276 F.3d 131, 148 (3d Cir. 2002) (citing *United States v. Miller*, 471 U.S. 130, 140 (1985)). Within the same heading as the *Alleyne* claim, Le cites numerous cases prohibiting the Government from constructively amending the Indictment. Like the *Alleyne* claim, Le again alleges no factual basis for his constructive amendment claim nor does he allege any specific error. With nothing more, this claim also fails.

Although Le contends his counsel was deficient for failing to argue for a role participation reduction in his sentence, this claim fails because he cannot show prejudice. Le argues his counsel

failed to request a four-level sentencing reduction as a minimal role participant under U.S.S.G. § 3B1.2(a). On appeal, however, the Third Circuit affirmed this Court's application of a four-level sentencing *enhancement* under § 3B1.1(a) because Le was "an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." *Le*, 661 F. App'x at 166. Specifically, the Third Circuit noted the "evidence at trial demonstrated Le had extensive involvement in the international drug importation scheme." *Id.* Even if counsel argued for the four-level sentencing reduction as a minimal role participant, it is unlikely the Court would have found Le's role was minimal in light of the evidence presented at trial showing Le's role as an organizer. Because the Court's application of the *enhancement* was not error, counsel's failure to advocate for the *reduction* did not prejudice Le, even if deficient. Without a reasonable probability of a decrease in Le's sentence, his claim on this issue fails. *See United States v. Smack*, 347 F.3d 533, 540 (3d Cir. 2003) (stating a reasonable probability of a decrease in a defendant's sentence may establish prejudice).

In his final ineffective assistance of counsel claim, Le fails to show prejudice from his counsel's alleged failure to inform him of a plea deal. Le claims his counsel "expressed his mistake for failing to notify" him that the Government offered a plea deal for 120-months' imprisonment. *See* Second Mot. 22, May 2, 2018, ECF No. 130. Counsel's failure to inform a defendant about a plea deal constitutes deficient performance. *See Missouri v. Frye*, 566 U.S. 134, 149 (2012). To establish prejudice, however, a defendant must show a reasonable probability that he would have accepted the deal and a reasonable probability that the prosecution would have adhered to the deal and the terms would have been accepted by the court. *See id.* at 150. Under this standard, Le's claim must fail.

11

Although the Government contends the deal was extensively discussed with Le and his counsel and ultimately, Le chose to reject the deal, for this motion, the Court must accept that Le was not informed of the deal and would have accepted the deal had he known about it. *See Tolliver*, 800 F.3d at 141 (requiring courts to accept the movant's factual allegations as true unless clearly frivolous). Regardless, Le has not shown either that the Government would have adhered to the deal or that it would have been accepted by the Court.

In this motion, Le continues to maintain his innocence. *See, e.g.*, Reply Mot. 10 ("Le is actually, factually & legally innocent of the misconduct . . . ."). He makes several allegations regarding the audio tapes and contends the voice on the tapes is not his. He thus asserts he was not Nguyen's supplier. These representations suggest Le is and was unwilling to admit guilt. Without admitting guilt, Le is unable to show the Government would have moved forward with the deal or that the Court would have found a factual basis for the plea pursuant to Federal Rule of Criminal Procedure 11(b)(3) and accepted it. *See United States v. Tarnai*, 782 F. App'x 128, 132–33 (3d Cir. 2019) ("Given [the defendant's] position on his innocence there is no reasonable probability the government would have moved forward with the agreement . . . [or] the court would have accepted the agreement."). Le has thus failed to show prejudice and this claim fails.

Le's remaining claims are procedurally defaulted. His claims include (1) the Government's wiretap investigation violated his Fourth Amendment right to be free from unreasonable searches and seizures, (2) he was prejudiced by the Government's preindictment delay, and (3) the Government presented false evidence at trial. A defendant is procedurally barred from bringing claims on collateral review which could have been, but were not, raised at trial or on direct review. *See United States v. Jenkins*, 333 F.3d 151, 154–55 (3d Cir. 2003). Le failed to raise these claims on direct review and is now barred from raising them on collateral review in this motion. *See*

*United States v. Rodriguez*, 153 F. Supp. 2d 590, 593–94 (E.D. Pa. 2001) (stating claims, other than ineffective assistance of counsel, are procedurally barred on collateral review if not raised on direct review).

A defendant can nonetheless overcome the procedural bar by showing cause for the default and prejudice from the alleged error. *See United States v. Frady*, 456 U.S. 152, 167 (1982). Le has, however, failed to allege cause and prejudice to excuse his default. As a result, Le's remaining claims are procedurally barred and will be denied.

**CONCLUSION**

In sum, for his ineffective assistance of counsel claims, Le has failed to establish his counsel's deficiency or prejudice therefrom. These claims will be denied. For Le's remaining claims, they are procedurally barred. Accordingly, Le having failed to present any basis for relief, the entirety of his motion will be denied.

The Court will also deny Le an evidentiary hearing. When a § 2255 motion is filed, a district court must "grant a prompt hearing" and "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this case, the record conclusively shows Le is not entitled to any relief. Therefore, no evidentiary hearing is required. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962) (holding § 2255 does not require "that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be"); *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) ("We have repeatedly emphasized that 'bald assertions and conclusory allegations do not

afford a sufficient ground for an evidentiary hearing' on a habeas petition." (quoting *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008))).

The final issue the Court must address is whether Le is entitled to a certificate of appealability, which is required by 28 U.S.C. § 2253(c)(1) as a precondition to his right to seek review of this decision by the Third Circuit. A certificate may only issue where a movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which, after a determination of the merits of a § 2255 motion, requires a showing "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court will not issue a certificate of appealability because Le has failed to make a substantial showing of the denial of a constitutional right and the Court finds it unlikely reasonable jurists would disagree with its determination of the merits.

An appropriate order follows.

BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.